**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4705**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TERRELL PLUMMER, a/k/a Rell,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:17-cr-00223-GLR-1)

Submitted:  July 29, 2020                Decided:  September 10, 2020

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory W. Gardner, LAW OFFICE OF GREGORY W. GARDNER, LLC, Boulder, Colorado; Kenneth E. McPherson, KENNETH E. MCPHERSON, CHTD., Fulton, Maryland, for Appellant.  Michael Clayton Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Plummer appeals his conviction and 300-month sentence imposed following his guilty plea, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to conspiracy to participate in racketeering activity (RICO conspiracy), in violation of 18 U.S.C. §§ 1962(d), 1963(a) (2018). On appeal, counsel for Plummer has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the district court's compliance with Fed. R. Crim. P. 11 and the reasonableness of the sentence imposed. Although notified of his right to do so, Plummer has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

Counsel first addresses whether the district court complied with Rule 11 in accepting Plummer's guilty plea. Because Plummer did not move to withdraw his guilty plea, we review the adequacy of the Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under this standard, Plummer "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. A defendant who pleads guilty establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pled guilty but for the error. *United States v. Davila*, 569 U.S. 597, 608 (2013).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was

2

voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

We have reviewed the transcript of Plummer's guilty plea hearing and conclude that the district court fully complied with Rule 11. Moreover, the district court ensured that Plummer entered his plea knowingly and voluntarily and that a factual basis supported the plea. *See DeFusco*, 949 F.2d at 116, 119-20 (explaining Rule 11 requirements).

We review Plummer's sentence for abuse of discretion. *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017). First, we "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2018)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we then must also consider the substantive reasonableness of Plummer's sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted). A sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can

3

only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, the court correctly calculated Plummer's advisory Guidelines range, heard argument from counsel, provided Plummer an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the sentence stipulated in the Rule 11(c)(1)(C) agreement. Because Plummer has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his below-Guidelines sentence. *Louthian*, 756 F.3d at 306. We therefore conclude that Plummer's sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Plummer, in writing, of the right to petition the Supreme Court of the United States for further review. If Plummer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Plummer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4